UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

CHAZE BIAMI, Petitioner,

Docket No. 22-C-0544

Vs.

WARDEN MEISNER, Respondent.

MEMORANDUM IN SUPPORT OF WRIT OF HABEAS CORPUS

PURSUANT TO 28 U.S.C § 2254

As grounds for this motion are as follows:

1  THE DEFENDANT RECEIVED INNEFFECTIVE ASSISTANCE OF COUNSEL FOR FAILING TO RAISE AN ISSUE OF MERIT.

2  THE DEFENDANT'S DUE PROCESS RIGHTS WERE VIOLATED WHEN THE COURT FAILED TO FULFILL FEDERAL RULE OF CRIMINAL PROCEDURE'S RULE 11'S REQUIREMENT

1

1. THE DEFENDANT RECEIVED INNEFFECTIVE ASSISTANCE OF COUNSEL FOR FAILING TO RAISE AN ISSUE OF MERIT.

Ineffective assistance of counsel claims require the petitioner to establish that his counsel's performance fell below an objective standard of reasonableness, and this deficiency actually prejudiced the defendant. Strickland v Washington, 466 U.S. 668, 687-88; 104 S. Ct. 2052; 80 L.Ed.2d 674 (1984). An appellate counsel's performance is deficient if he or she fails to argue an issue that is both obvious and clearly stronger than the issues raised. Lee v Davis, 328 F.3d 896, 900-01. As shown herein, Biami's counsel failed to raise these clearly stronger issues than of which were raised in his no-merit report. Biami's counsel was deficient for failing to raise the issue herein and that failure resulted in prejudice, as the result would have been different.

2. THE DEFENDANT'S DUE PROCESS RIGHTS WERE VIOLATED WHEN THE COURT FAILED TO FULFILL FEDERAL RULE OF CRIMINAL PROCEDURE'S RULE 11'S REQUIREMENT

In state court as well as federal, the court must ascertain whether the defendant's plea is knowingly, intelligently, and voluntary prior to accepting the plea. State and federal courts have somewhat differing interpretations and/or rules governing such a procedure and what will suffice. In Wisconsin, State v Brown, 293 Wis. 2d 594; 716 N.W.2d 906 (2006), requires that the court explain or summarize, on the record, "that the defendant understands every element of the charges to which he pleads." Id at ¶58. "[O]r defense counsel summarize the elements." Id at ¶56. "A written waiver isn't enough to prove a jury waiver is knowingly, intelligently, and voluntary" in which has the elements attached to such document. State v Anderson, 249 Wis. 2d 586, ¶29; 638 N.W.2d 301 (2002). This very important part of the colloquy did not take place or in a reasonable fashion for the defendant to understand the nature of the charges. This should

2

have been objected to by defense counsel but wasn't, nor did Biami's post-conviction counsel raise the issue.

In federal court, Rule 11 "requires a colloquy to ensure that the plea is voluntary and the defendant understands the nature of the charges against him." United States v Dyer, 892 F.3d 910, 914 (7th Cir. 2017). In order to ensure that the defendant understands the nature of the charges against him, he must know the correct punishment and the elements needed to establish guilt. Not only did the state court fail to ensure that Biami understood the elements for each charge but the court failed to give Biami the correct range of punishment, further showing that he didn't understand the nature of the charges. "Fed. Rule of Criminal Procedure requires that before accepting a plea of guilty, the court must inform the defendant of, and confirm that he understands, the nature of the charge to which he is pleading." Federal Rule of Criminal Procedure §11(b)(G). The purpose is to ensure that the defendant is fully informed of the nature of the charges against him and the consequences of his guilty plea The error is not harmless as the defendant could and would have went to trial had he known the nature of the charges. In *Mastropa*, infra, the defendant's misunderstanding of what was necessary to find him guilty of the offense "resulted in a flawed guilty plea that affected substantial rights." United States v Mastropa, 509 F.3d 652, 660. (4th Cir. 2007). Under the Plain Error Doctrine the defendant must "show a reasonable probability that, but for the error, he would not have entered the plea." United States v Dominguez, 540 U.S. 74; 124 S.Ct. 2333, 2340; 159 L.Ed. 2d 157 (2004)

The trial judge listed facts of the case without listing the elements. A driver's license being suspended was one of those elements listed, in which has nothing to do with the charges pled to. The court merely told Biami the facts in of the police report to comply with Rule 11. Below are what the judge offered as elements to prove Injury by Intoxicated use of a Motor Vehicle:

3

> The Court: "You were driving northbound in the
> South bound lanes on Interstate 43 at
> Wells Street, you were intoxicated,
> your driver's license was suspended
> and you hit a blue ford that was being
> driven by—"

Those are not the elements for injury by intoxicated use of a motor vehicle. The judge describes the accident before moving on to describe the elements for the remaining 3 counts- 2nd Degree Recklace Injury:

> The Court: ". . . according to the state, that you
> Caused great bodily harm to another
> human being, to 3 other human beings,
> in second-degree recklace injury."

There the court correctly stated the element for second-degree recklace injury. The defendant pled, to what he believed needed to be proven for injury by intoxicated use of a motor vehicle. Merely hitting a vehicle was stated to Biami as an element, as well as, a suspended driver's license.

To succeed on a "plain error review, the defendant must establish first that there was an error; 2nd, the error was plain, and 3rd, that the error affected his substantial rights." See Greer v United States, 141 S.C. 2090 (2021). If those three burdens are met the court may grant relief if it concludes that the error had a serious affect on the fairness, integrity or public representation of judicial proceedings. Id

4

Case 2:22-cv-00544-JPS   Filed 05/05/22   Page 4 of 6   Document 2

In Biami's case, all burdens are present to grant relief. As shown above, the court erred in not establishing elements for his crimes pled to when the court merely recited his actions which include facts that would go towards the dismissed charges. The court never recited the elements for his crimes pled to. Secondly, the error is plain. The transcripts show that the court failed to establish the nature of the charges by not listing the elements as well as the correct punishment. The correct punishment relayed to the defendant is crucial for his decision making process. The defendant merely had a 9th grade reading level and a 4th grade math level. The court never confirmed with the defendant that his educational level was sufficient to understand the nature of the charges which include, but not limited to, the correct range of punishment as well as the correct elements for which he pled. The error affected Biami's substantial rights. Had it not been for this error, Biami would not have pled to all the charges, thereby, giving rise to a different outcome. Lastly, by not following through on Rull 11's requirements, it undermines the confidence in the defendant's plea procedure. The plea colloquy is a basic fundamental principle due process.

"The Supreme Court has recognized that a conviction based on a constitutionally invalid guilty plea cannot be saved 'even by overwhelming evidence that the defendant would not have pleaded guilty regardless.'" See Dominguez-Benitez @ n10 (quoting Boykin v Alabama, 395 U.S. 238, 243; 89 S. Ct. 1709; 23 L. Ed. 2d 274 (1969)). "A defendant must receive real notice of the true nature of the charges against him, the first and most universally recognized requirement of Due Process." Smith v O'Grady, 312 U.S. 329, 334; 61 S. Ct. 572; 85 L. Ed. 859 (1941).

## CONCLUSION

Wherefore, the defendant respectfully requests that his case be remanded to the sentencing court to withdraw his plea based on the issues herein. Biami was not given a true understanding of the nature of the charges for which he pled. The court merely recited "facts" from the police report as elements of his crimes. As stated above, the "elements" listed by the court were not in fact the correct elements for which he pled. The correct elements were not recited and Biami's understanding of the nature of the charges against him were fundamentally flawed. His educational level played a role in that. His attorney's failure to convey the correct punishment as well as the court's failure to do so impacted his decision to take the given plea. Lastly, Biami not being told the correct punishment and correct elements of the crimes for which he pled show that he did not know the nature of the charges. This is evident in the transcripts which show the wrong range of punishments listed as well as the wrong elements. On its face, this should be overturned and remanded back to the sentencing court and Biami prays that this Court agree. Based on the Rule 11 infraction, Biami asks this court to find his attorney ineffective for failing to raise this issue of merit, in which is clearly stronger and obvious. Counsel's failure to raise such an issue resulted in prejudice as a different outcome would have prevailed. Biami would not have taken such a plea. The defendant respectfully requests that this court overturn his conviction and remand him back to the sentencing court to restore his charges as they were prior to his taking of the plea.

Respectfully submitted,   Chaze Biami  *Chaze Biami*
Fox Lake Correctional Institution
P.O. box 200
Fox Lake, WI 53933

6

Case 2:22-cv-00544-JPS   Filed 05/05/22   Page 6 of 6   Document 2