UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

CHAZE BIAMI,

    Petitioner,

v.

WARDEN MICHAEL MEISNER,

    Respondent.

Case No. 22-CV-544-JPS

**ORDER**

1. **INTRODUCTION**

On May 5, 2022, Petitioner Chaze Biami ("Petitioner") filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF No. 1. Petitioner paid the filing fee therefor. *See* May 17, 2022 docket entry. The Court will screen his petition under Rule 4 of the Rules Governing Section 2254 Proceedings.

2. **FACTUAL BACKGROUND**

Petitioner's § 2254 petition relates to his conviction in Milwaukee County Circuit Court Case No. 2016CF2689. ECF No. 1 at 2. *See State of Wisconsin v. Chaze Desouva Biami*, No. 2016CF002689 (Milwaukee Cnty. Cir. Ct. 2016), available at https://wcca.wicourts.gov/caseDetail.html?caseNo=2016CF002689&countyNo=40&index=0&mode=details. Petitioner represents that at his preliminary hearing, he was represented by "Adam Essling on behalf of Michael Steinle"; that at his arraignment, plea hearing, and sentencing, he was represented by Michael Steinle; and that on direct appeal he was represented by Christopher Sobic. ECF No. 1 at 11.

A complaint was filed in Case No. 2016CF2689 on June 23, 2016, charging Petitioner with thirteen counts for "Knowingly Operating While Suspended (Cause Great Bodily Harm)," "2nd Degree Reckless Endangering Safety," "2nd Degree Reckless Injury," "Injury by Use of Vehicle with PAC," and "Injury by Intoxicated Use/Vehicle." According to the criminal complaint, and as later recounted by the Wisconsin Court of Appeals, Biami was driving a car the wrong way at a high speed on Highway I-43 in June of 2016 when he collided with a vehicle driving in the opposite direction. *See State v. Chaze Desouva Biami*, 2019AP158-CRNM, 2020 Wisc. App. LEXIS 836, at *2 (Wis. Ct. App. 2020). The driver of the vehicle that Petitioner struck was discovered without a pulse and not breathing at the scene. *Id*. Emergency personnel were nevertheless able to resuscitate her and extricate her from the vehicle using the Jaws of Life. Emergency personnel also removed from the vehicle two children in car seats. *Id*. The driver was placed in a medically induced coma. The children suffered various serious injuries including a broken collar bone, broken ribs, internal injuries, and a shattered pelvis. *Id*. at *2–3.

Petitioner admitted to police that he had been drinking. *Id.* at *3. His blood alcohol content was later revealed to be .144 percent. Police also determined that Petitioner's driver's license was suspended and that he had at least one prior felony conviction.

Petitioner pleaded no contest on various of the counts charged, while various others were dismissed to be used as read-ins. The counts to which he pleaded no contest included three counts of injury by intoxicated use of a motor vehicle and three counts of second-degree reckless injury, each as a repeat offender. *See Biami*, 2020 Wisc. App. LEXIS 836, at *1. For his plea,

Page 2 of 12
Case 2:22-cv-00544-JPS   Filed 04/04/23   Page 2 of 12   Document 5

the State agreed to recommend an aggregate sentence of twenty years of initial confinement and ten years of extended supervision.

The Milwaukee County Circuit Court sentenced Petitioner on March 31, 2017. At the outset of the sentencing hearing, the parties discussed a letter that Petitioner had written, against advice of counsel, which expressed that Petitioner wished to change his plea from no-contest to guilty due to his deep remorse. *Id*. at *4. After some discussion, Petitioner withdrew his request to change his plea, and the matter proceeded to sentencing. *Id*.

For the offenses against the children, the court imposed two consecutive fifteen-year terms of imprisonment (each bifurcated as ten years of initial confinement and five years of extended supervision). For the offenses against the driver, the court imposed and stayed a fifteen-year term of imprisonment in favor of five years of probation and ordered Petitioner to serve that probationary term consecutive to the aggregate thirty-year term imposed for the offenses against the children. *Id*. at *4–5.

On November 26, 2018, Petitioner moved for postconviction relief at the circuit court level pursuant to Wis. Stat. § 809.30. *See* ECF No. 1-1 at 1. He there argued, through counsel Sobic, that he was entitled to resentencing because the trial court relied on inaccurate information regarding the maximum term of initial confinement that Petitioner faced. *Id*. at 4–5. The motion was denied the following day.

Petitioner then filed a notice of appeal on January 15, 2019. The appellate case that followed was Appeal No. 2019AP000158. *See Biami*, 2020 Wisc. App. LEXIS 836. Petitioner made a number of arguments therein. For clarity's sake, the Court provides them here in bullet form.

- The Wisconsin Court of Appeals first addressed Petitioner's claim that he did not enter his no-contest pleas knowingly, intelligently, and voluntarily. *Id.* at *5–6. The court disagreed, noting that Petitioner had "signed and filed two plea questionnaire and waiver of rights forms with attachments," "reviewed the forms with his trial counsel," confirmed that he "understood their contents," and participated in a colloquy with the circuit court. *Id.*

- The court also rejected Petitioner's argument that "the circuit court failed in its duty to provide him with information about the range of punishments that he faced," noting that the circuit court expressly told Petitioner that "it could bifurcate each maximum term of imprisonment." *Id.* at *6–7.

- The court next addressed Petitioner's claim that the circuit court "did not explain the elements of the crimes to which he was pleading no-contest." *Id.* at *7. In rejecting that claim, the court noted that the record reflected that Petitioner "acknowledged on his plea questionnaire and waiver of rights forms that he had reviewed the elements of the crimes with his trial counsel, that he understood those elements, and that they were reflected on documents attached to the plea forms." *Id.* at *7–8. Furthermore, the circuit court "confirmed on the record that Biami understood his written acknowledgements." *Id.* at *8.

- The court next discussed "whether Biami could pursue an arguably meritorious challenge to the circuit court's exercise of sentencing discretion." *Id.* at *9. The court concluded that the record reflected an "appropriate exercise of sentencing discretion," noting that the circuit court "indicated that punishment and deterrence were the primary sentencing goals" and "discussed the factors that it deemed relevant to those goals." *Id.* at *10. The court wrote further that Petitioner could not "mount an arguably meritorious claim that his

Page 4 of 12
Case 2:22-cv-00544-JPS    Filed 04/04/23    Page 4 of 12    Document 5

- sentences are excessive or shocking" since "none of the sentences exceeded the maximum terms of imprisonment allowed by law, and the aggregate penalty imposed was far less than the aggregate 111 years of imprisonment and $150,000 fine that he faced upon conviction." *Id*. at *11.

- The court also rejected Petitioner's claims regarding the restitution he was ordered to pay. The court wrote that a challenge thereto would be frivolous since Petitioner had "stipulated to restitution" in the amount ordered. *Id*. at *11–12.

- Petitioner also challenged the circuit court's conclusion that Petitioner was ineligible to participate in the "challenge incarceration program and the Wisconsin substance abuse program." *Id*. at *12. The Wisconsin Court of Appeals rejected this claim, writing simply that Petitioner was "statutorily disqualified" from participation in such programs by virtue of Wis. Stat. ch. 940. *Id*.

- The court next considered "whether Biami could pursue an arguably meritorious challenge to the circuit court's postconviction order denying resentencing," concluding simply that such a "challenge would lack merit." *Id*.

- Petitioner next argued that he was "denied his due process right to be sentenced on the basis of accurate information." *Id*. Specifically, Petitioner contended that the "circuit court misunderstood the maximum component parts of the aggregate term of imprisonment that he faced." *Id*. The Wisconsin Court of Appeals disagreed, recounting that the circuit court had explained that "in light of Biami's cooperation and remorse, the aggregate term of imprisonment imposed would not approach the potential maximum," that "the aggregate maximum component parts of the sentence did not play any role in the design of the sentences that Biami ultimately received," and that "the

circuit court was not categorically wrong in describing the component periods of the maximum aggregate term of imprisonment that Biami faced." *Id.* at *14.

- Lastly, Petitioner raised claims of ineffective assistance of counsel. He argued that he had an arguably meritorious claim for plea withdrawal based on ineffective assistance of counsel because he claimed that he pled guilty without "ever being informed that he faced a maximum of 81 years in [prison]." *Id*. at *15–16. The Wisconsin Court of Appeals responded that this argument appeared to be in error because Petitioner's maximum time in prison could, in fact, exceed eighty-one years. "Moreover," the court wrote, Petitioner was "not prejudiced by the alleged failure" because "the circuit court did not accept [his] no-contest pleas until [he] confirmed on the record that he understood the maximum sentence that he faced for each of his six convictions." *Id*. That being the case, any alleged "omission on trial counsel's part" was overridden. *Id*. Petitioner also claimed that his trial counsel was ineffective in "failing to advise him regarding 'the complete definition of criminally reckless conduct.'" *Id*. The court rejected the argument, noting that the pattern jury instruction for this offense was provided to him as an attachment to his signed plea questionnaire and waiver of rights forms and that Petitioner attested to having reviewed them with counsel. *Id.* at *16–17. Moreover, Petitioner had confirmed this to be the case during his plea hearing. *Id*. at *17.

Following his unsuccessful appeal, Petitioner petitioned for review from the Wisconsin Supreme Court. The Wisconsin Supreme Court denied the request on August 11, 2021. *See State v. Biami*, No. 2019AP158-CRNM, 2022 WI 90, ¶ 1 (Wis. 2021). Petitioner did not thereafter petition for certiorari in

the United States Supreme Court. *See* ECF No. 1 at 4. And on May 5, 2022, he filed the instant § 2254 petition.

**3.     ANALYSIS**

Rule 4 authorizes a district court to conduct an initial screening of habeas corpus petitions and to dismiss a petition summarily where "it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Thus, Rule 4 provides the district court the power to dismiss both those petitions that do not state a claim upon which relief may be granted and those petitions that are factually frivolous. *See Small v. Endicott*, 998 F.2d 411, 414 (7th Cir. 1993). Under Rule 4, the Court analyzes preliminary obstacles to review, including whether the petitioner has complied with the statute of limitations, exhausted available state remedies, avoided procedural default, and set forth cognizable claims.

**3.1     Timeliness**

First, the Court considers the timeliness of the petition. A state prisoner in custody pursuant to a state court judgment has one year from the date "the judgment became final" to seek federal habeas relief. 28 U.S.C. § 2244(d)(1)(A). A judgment becomes final within the meaning of § 2244(d)(1)(A) when all direct appeals in the state courts are concluded, followed by either the completion or denial of certiorari proceedings in the U.S. Supreme Court, or, if certiorari is not sought, at the expiration of the ninety days allowed for filing for certiorari. *See Ray v. Clements*, 700 F.3d 993, 1003 (7th Cir. 2012).

Here, Petitioner's direct appeal concluded on August 11, 2021 when the Wisconsin Supreme Court declined to hear his case. Petitioner had 90

Page 7 of 12
Case 2:22-cv-00544-JPS    Filed 04/04/23    Page 7 of 12    Document 5

days thereafter—until November 9, 2021—within which to petition for certiorari in the United States Supreme Court. Petitioner did not do so, and so he had one year from that date within which to file the instant § 2254 petition. Petitioner filed the instant petition on May 5, 2022—well before the November 9, 2022 deadline. His petition therefore appears to be timely.

### 3.2 Exhaustion

Next, the Court analyzes whether Petitioner fully exhausted his state-court remedies. A district court may not address grounds raised in a habeas petition "unless the state courts have had a full and fair opportunity to review them." *Farrell v. Lane*, 939 F.2d 409, 410 (7th Cir. 1991). Accordingly, a state prisoner is required to exhaust the remedies available in state court before a district court will consider the merits of a federal habeas petition. 28 U.S.C. § 2254(b)(1)(A); *Dressler v. McCaughtry*, 238 F.3d 908, 912 (7th Cir. 2001). However, for purposes of exhaustion, pro se petitioners are held to a more lenient standard than counseled petitions. *Lieberman v. Thomas*, 505 F.3d 665, 671 (7th Cir. 2007).

A petitioner exhausts his claim when he presents it to the highest state court for a ruling on the merits. *Lieberman v. Thomas*, 505 F.3d 665, 669 (7th Cir. 2007) (citing *Picard v. Connor*, 404 U.S. 270, 275 (1971)); *Perruquet v. Briley*, 390 F.3d 505, 513 (7th Cir. 2004). General appeals before the state courts to broad constitutional principles, such as due process, equal protection, and the right to a fair trial, are insufficient to establish exhaustion. *Gray v. Netherland*, 518 U.S. 152, 162 (1996). But once the state's highest court has had a full and fair opportunity to pass upon the merits of the claim, a petitioner is not required to present it to that court again. *Humphrey v. Cady*, 405 U.S. 504, 516 n.18 (1972).

Petitioner purports to raise two grounds for relief.[1] First, he argues that he received ineffective assistance of counsel regarding whether his plea was knowingly, intelligently, and voluntarily made, as well as for failing to raise the issue of a "rule 11 violation." ("Ground One"). ECF No. 1 at 6–7. Second, he asserts a violation of his rights to due process "when the court failed to fulfill Federal Rule of Criminal Procedure's Rule 11's [sic] requirement." ("Ground Two"). *Id.* at 7. Further as to this ground, he writes that he "did not understand the nature of the charges against him," that the "elements were never established in court," that the "correct range of punishment was not given," and that this resulted in an "involuntary plea." *Id.*

Petitioner exhausted his grounds for relief to the extent that they relate to his allegedly unknowing, unintelligent, and involuntary plea and his counsel's alleged deficiencies relating thereto. He fairly presented these issues to the state court. It does not appear, however, that he exhausted any ground for relief relating to Rule 11.[2] Nor would it have made sense for Petitioner to have done so—he was convicted in state court and proceeded, up until now, solely therein. State courts do not apply federal rules of procedure. *See Romo v. Gulf Stream Coach, Inc.*, 250 F.3d 1119, 1122 (7th Cir. 2001) ("The Federal Rules make clear that they do not apply to filings in state court . . . .").

---

[1] The grounds appear to be somewhat conflated, each mentioning at one point the issue of whether Petitioner's plea was knowingly, intelligent, and voluntarily made.

[2] The Court searched for the phrase "Rule 11" in Petitioner's 55-page submission of exhibits and found the phrase nowhere therein.

Because Petitioner's § 2254 petition presents both exhausted and unexhausted grounds for relief, the Court must decide how to move forward. "[A] district court faced with a mixed petition has discretion to enter a stay to allow the petitioner to present his unexhausted claims to the state court in the first instance, preserving the petitioner's ability to return to federal court for review of his perfected petition." BRIAN R. MEANS, FEDERAL HABEAS MANUAL § 9C:70, 1383 (2019 ed.) (citing *Rhines v. Weber*, 544 U.S. 269, 275–77 (2005)). Alternatively, the district court can allow the petitioner to remove the unexhausted claims and proceed with the exhausted claims if dismissal of the entire petition would unreasonably impair the petitioner's right to obtain federal relief. *Rhines*, 544 U.S. at 279.

The Court will not exercise its discretion to stay the petition and hold it in abeyance for Petitioner to attempt to exhaust the unexhausted ground regarding Rule 11. As the Court has noted, federal rules of procedure do not apply in state courts, so it would be frivolous and futile for any ground for relief based thereon to proceed.

Accordingly, the Court will proceed only on the properly exhausted claim—that Petitioner's trial counsel was ineffective regarding whether Petitioner's plea was knowing, intelligent, and voluntary. The effect of this, importantly, is that if Petitioner "foregoes the unexhausted claims and receives a decision on the merits of the petition," the petitioner may be inhibited in bringing a later petition after these claims have been properly exhausted. 4 NEW YORK CRIMINAL PRACTICE § 48.05; *Burton v. Stewart*, 549 U.S. 147, 154 ("Alternatively, prisoners filing mixed petitions may proceed only with the exhausted claims, but doing so risks subjecting later petitions that raise new claims to rigorous procedural obstacles."). If Petitioner intends to move forward with his habeas petition, the Court will instruct

him to submit an amended § 2254 petition, listing only the exhausted claim for relief and omitting that relating to Rule 11.

### 3.3 Procedural Default

The Court next determines whether Petitioner has procedurally defaulted on any of his exhausted grounds. As noted above, only one of Petitioner's two listed grounds for relief was exhausted in the state courts. And even though a constitutional claim in a federal habeas petition has been exhausted, a court is still barred from considering the ground if the petitioner has procedurally defaulted on the claim. *See Mahaffey v. Schomig*, 294 F.3d 907, 915 (7th Cir. 2002). A state prisoner procedurally defaults on a constitutional claim in a habeas petition when he fails to raise the claim in the state's highest court in a timely fashion or in the manner prescribed by state law. *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999); *Thomas v. McCaughtry*, 201 F.3d 995, 1000 (7th Cir. 2000). Here, on the record before the Court, is it does not appear that Petitioner has procedurally defaulted on his properly exhausted claim.

### 3.4 Frivolous Claims

The Court concludes its Rule 4 review by screening Petitioner's petition for patently frivolous claims. *Ray*, 700 F.3d at 996 n.1. Without expressing any opinion as to the potential merit of Petitioner's properly exhausted claim, it does not plainly appear that it is frivolous.

Accordingly,

**IT IS ORDERED** that Petitioner shall amend his § 2254 petition in accordance with this Order by **May 2, 2023**, or otherwise risk dismissal without prejudice of his petition.

Dated at Milwaukee, Wisconsin, this 4th day of April, 2023.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge

Petitioners who are inmates at Prisoner E-Filing Program institutions shall submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. Prisoner E-Filing is mandatory for all inmates at Columbia Correctional Institution, Dodge Correctional Institution, Green Bay Correctional Institution, Oshkosh Correctional Institution, Waupun Correctional Institution, and Wisconsin Secure Program Facility.

Petitioners who are inmates at all other prison facilities, or who have been released from custody, will be required to submit all correspondence and legal material to:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

**DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS**. If mail is received directly to the Court's chambers, **IT WILL BE RETURNED TO SENDER AND WILL NOT BE FILED IN THE CASE**.

Petitioner is further advised that failure to timely file any brief, motion, response, or reply may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. **IF PETITIONER FAILS TO PROVIDE AN UPDATED ADDRESS TO THE COURT AND MAIL IS RETURNED TO THE COURT AS UNDELIVERABLE, THE COURT WILL DISMISS THIS ACTION WITHOUT PREJUDICE**.